**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000442
10-JUN-2020
07:46 AM**

NO. CAAP-19-0000442

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHRISTOPHER D. EATON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-18-01074)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Christopher D. Eaton (**Eaton**)

appeals from the Notice of Entry of Judgment and/or Order and

Plea/Judgment filed on March 18, 2019 (**Judgment**), in the District

Court of the First Circuit, Honolulu Division (**District Court**).[1]

Eaton was convicted of Operating a Vehicle Under the

Influence of an Intoxicant (**OVUII**), in violation of Hawaii

Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2019).[2]

---

[1]    The Honorable Alvin K. Nishimura presided.

[2]    HRS § 291E-61(a)(1) provides:

(continued...)

Eaton raises a single point of error on appeal, contending that there was insufficient evidence to convict him.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Eaton's point of error as follows:

When the evidence adduced at trial is considered in the strongest light for the prosecution, we conclude that there was sufficient evidence to convict Eaton of OVUII. See State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

Sufficient evidence for an OVUII conviction may be found without a field sobriety test when based on other signs of impairment. "The police officer's observations of the field sobriety exercises, other than the HGN test, should be placed in the same category as other commonly understood signs of impairment, such as glassy or bloodshot eyes, slurred speech, staggering, flushed face, labile emotions, odor of alcohol or driving patterns." State v. Ferrer, 95 Hawaiʻi 409, 427, 23 P.3d 744, 762 (App. 2001).

---

[2]/(...continued)

> **§ 291E-61  Operating a vehicle under the influence of an intoxicant.**  (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

Eaton testified that he was attempting to move his vehicle from one parking spot to another when he drove his vehicle into a canal at the Wailupe Beach Park parking lot, which is in the City and County of Honolulu, State of Hawaiʻi, and is a public way, street, or highway. Eaton was found in the driver's seat with the vehicle engine idling. Eaton admitted drinking a beer on the day of the incident. Three police officers testified that they smelled an odor of an alcoholic beverage coming from Eaton. One officer stated that Eaton provided a brown notebook with handwritten notes when asked for identification. Empty malt liquor bottles were found behind his driver's seat. Officer Denny Santiago (**Officer Santiago**) testified that Eaton's speech was labored and slow, Eaton could not stay on subject when firemen were asking if he was injured but kept referring back to where his vehicle would be taken, and Eaton could not focus visually on one place. When Eaton got out of his vehicle, Officer Santiago observed that Eaton was very unsteady on his feet, leaned against the vehicle to keep his balance, dragged his feet, and relied upon the firemen for assistance to walk. Based on his observations, Officer Santiago stated that Eaton appeared to be drunk. Officer William Daubner testified that Eaton had red, glassy, and bloodshot eyes, spoke with a slurred voice, had a hard time signing his name, and was unsteady on his feet.

The District Court credited the officers' testimony. "It is well-settled that an appellate court will not pass upon

issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (citation omitted; format changed).

Eaton argues that the accident was caused by other factors such as a medical condition, his medication, or a stuck accelerator. However, alcohol need not be the sole or exclusive cause of impairment; it is sufficient for the State to bring forward proof beyond a reasonable doubt that alcohol contributed to the diminishment of a defendant's capacity to drive safely. State v. Mitchell, 94 Hawaiʻi 388, 400, 15 P.3d 314, 326 (App. 2000) (citation omitted). Therefore, we concluded that there was substantial evidence Eaton was operating a vehicle under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

For these reasons, the District Court's March 18, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 10, 2020.

On the briefs:

Sara K. Haley,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge